PER CURIAM.
Mr. Blundi appeals an order of the Unemployment Appeals Commission (UAC) which affirmed an appeals referee’s determination that he was ineligible for unemployment compensation benefits from *909 March 5, 1989, through March 25, 1989. We reverse.
Mr. Blundi initially filed for benefits on February 26, 1989. He was scheduled to report to the claims office on March 14, 1989. On March 13, 1989, however, Mr. Blundi received a claims examiner’s determination in the mail which stated that benefits were not payable because he had been discharged for misconduct. The claims examiner’s determination explained that the disqualification began February 19, 1989, and would continue until Mr. Blundi earned $3,281, i.e., until he went back to work. The notice of disqualification, dated March 9, 1989, informed Mr. Blundi how he could appeal or request a redetermination. The standard form notice did not advise Mr. Blundi that he had to report to the claims office on March 14, 1989, to perfect or preserve his claim for these benefits while his appeal was pending. Mr. Blundi appealed this initial disqualification by mail.
On April 7, 1989, a hearing was held on Mr. Blundi’s appeal from the initial disqualification. An appeals referee reversed the examiner’s disqualification determination. It is not apparent from the record when the reversal was mailed to Mr. Blundi. On April 25, 1989, however, he reported to the claims office and filed a late report and claim for benefits from March 5 through March 25, 1989.
On April 28, 1989, a claims examiner determined that Mr. Blundi had not adequately searched for work and had not reported to the claims office on March 14, 1989, or within fourteen days thereafter. Accordingly, he was again denied benefits from March 5 through March 25, 1989. He again appealed.
After another hearing, an appeals referee reversed the examiner’s determination that Mr. Blundi did not meet the work search requirements, but affirmed the decision that he did not report to the claims office as required. Mr. Blundi’appealed the latter decision to the UAC, which was affirmed on July 31, 1989.
Florida Administrative Code Rule 38B-2.-011(2) requires a claimant for unemployment compensation benefits to report in person to a local claims office to file an initial claim for benefits and to register to work. Fla.Admin.Code Rule 38B-2.-011(2)(a). The rule provides:
[I]n order to establish eligibility for benefits- ..., the claimant shall continue to report in person or by mail, as designated by the Division, and file a continued claim for benefits at intervals directed by the Division....
Fla.Admin.Code Rule 38B-2.011(2)(b) (emphasis added). If a claimant fails to appear at the claims office as directed, the Division may accept a late report, if filed within fourteen days of the scheduled date and if the claimant shows “good cause” for failing to appear. Fla.Admin.Code Rule 38B-2.011(2)(d). If a claimant fails to file a late report within fourteen days following the scheduled date to appear, a new claim series begins for purposes of considering payment of benefits. Fla.Admin.Code Rule 38B-2.011(2)(e). Essentially, the claimant forfeits any prior benefits to which he or she may have been otherwise entitled.
We are not asked to and do not question either the UAC’s authority to promulgate this rule or its reasonableness. In this case, however, the express written instructions concerning an appeal which Mr. Blun-di received in the agency’s initial disqualification did not suggest that he must continue reporting to preserve his eligibility for benefits which it had disallowed. Thus, we conclude that the UAC’s order of July 31, 1989, is clearly erroneous in that it applied rule 38B-2.011(2) to Mr. Blundi without giving due consideration to the additional language in the notice of disqualification. See Department of Ins. v. Volusia Hosp. Dist., 438 So.2d 815 (Fla.1983), appeal dismissed, 466 U.S. 901, 104 S.Ct. 1673, 80 L.Ed.2d 149 (1984). Accordingly, we reverse that determination and remand for further proceedings consistent with this opinion.
Reversed and remanded.
RYDER, A.C.J., and DANAHY and ALTENBERND, JJ., concur.